PER CURIAM.
Granted. The language of La.R.S. 14:98 does not allow the use of an out-of-state conviction for enhancement purposes in a driving while intoxicated case. In other statutes, such as La.R.S. 14:95.1(A) and La.R.S. 15:529.1(A), the legislature specifi *372 cally provided for the use of out-of-state convictions for enhancement purposes and prescribed standards for their admission. By requiring the trial court to determine whether the statutory provisions of the Texas DWI statute are substantially in accordance with the Louisiana DWI statute in order to use the Texas conviction for enhancement, the court of appeal attempted to apply similar standards to La.R.S. 14:98. However, under La.R.S. 14:3, the “articles of this Code cannot be extended by analogy so as to create crimes not provided for” by the legislature. Accordingly, the judgment of the court of appeal is reversed, and the judgment of the trial court granting relator’s motion to quash is reinstated.